UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILLY RIVERA,<br><br>      Plaintiff,<br><br>— against —<br><br>KATIE BALOY, DANIEL WALTER, EARL JACOBS, PAUL HOLLAND, BRETT REED, and JOHN/JANE DOES 1-25,<br><br>      Defendants. | Case No. 23-CV-4326<br><br>AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff brings this action under 42 U.S.C. §§ 1983 for violations of his constitutional rights and for torts under New York State law.

2. This is an action arising out of a brutal and baseless assault on Billy Rivera by numerous New York State corrections officers at Sullivan Correctional Facility in violation of his Eighth Amendment rights.

3. Mr. Rivera has permanent hearing loss and jaw damage as a result of the assault.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. §§ 1983 and 1988 in addition to the laws of the State of New York.

5. Jurisdiction lies in this Court over claims against employees of the New York State Department of Corrections and Community Supervision under its federal question and civil rights jurisdiction, 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants claims arose within the Southern District of New York.

## PARTIES

7. Plaintiff Billy Rivera is a resident of New York and is currently incarcerated at Great Meadow Correctional Facility.

8. Defendant Katie Baloy is a New York State Corrections Sergeant.

9. Defendant Daniel Walter is a New York State Corrections Officer.

10. Defendant Earl Jacobs is a New York State Corrections Officer.

11. Defendant Paul Holland is a New York State Corrections Officer.

12. Defendant Brett Reed is a New York State Corrections Officer.

## GENERAL ALLEGATIONS

13. On July 7, 2022, Plaintiff, who was at the time an inmate at Sullivan Correctional Facility, experienced chest pain and needed to go to the medical office.

14. When he went to the medical office, the officer who was supervising him, Daniel Walter, attempted to force Mr. Rivera's head towards his groin.

15. When Mr. Rivera moved his head away, he was assaulted by Officer Walter, including being punched in the face and jaw.

16. Mr. Rivera was then pepper sprayed and assaulted violently by Defendant Officers Holland and Reed.

17. Officer Jacobs physically hit Mr. Rivera and placed him in mechanical restraints.

18. Despite the fact that Mr. Rivera was restrained he continued to be attacked as Officers Walter, Jacobs, Holland and Reed, continued assaulting him.

19. During the course of the assault, Mr. Rivera sustained injuries to his head, ear and jaw.

20. Defendant Baloy stood by, watched the assault, and failed to intervene, despite being a supervisory officer aware that Mr. Rivera had not done anything to justify the officers' actions.

21. Mr. Rivera suffered injuries during the assault including jaw dislocation as well as permanent hearing loss.

22. All officers involved in the assault then provided false statements at Mr. Rivera's disciplinary hearing, to cover up the assault.

23. The officers made no mention of the force that dislocated Mr. Rivera's jaw; an injury which has required significant ongoing medical treatment.

24. Video of the incident from Defendant Baloy's body camera was suppressed from Mr. Rivera's disciplinary hearing, but exists.

25. Mr. Rivera fully grieved the incident in satisfaction of the PLRA.

## **FIRST CAUSE OF ACTION**

Eighth Amendment
*Cruel and Unusual Punishment*
(Against Corrections Officer Defendants)

26. Mr. Rivera repeats and realleges the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

27. Defendants Walter, Jacobs, Holland, and Reed, individually and in concert, and acting under color of state law, deprived Mr. Rivera of his rights under the Eighth Amendments to the United States Constitution to be free from cruel and unusual punishment.

28. Defendants beat, pepper sprayed, and restrained, Mr. Rivera without justification as described above.

29. Defendants deprived Mr. Rivera of his rights intentionally, knowingly, willfully, and/or recklessly.

30. As a direct and proximate result of this unlawful conduct, Mr. Rivera sustained the damages alleged herein.

## SECOND CAUSE OF ACTION

Eighth Amendment
*Cruel and Unusual Punishment – Failure to Intervene*
(Against Defendant Baloy)

31. Mr. Rivera repeats and realleges the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

32. Defendant Baloy deprived Mr. Rivera of his rights under the Eighth Amendments to the United States Constitution to be free from cruel and unusual punishment by failing to intervene in beating and detaining him.

33. Defendants beat Mr. Rivera without justification, after he was detained.

34. Defendants deprived Mr. Rivera of his rights intentionally, knowingly, willfully, and/or recklessly.

35. As a direct and proximate result of this unlawful conduct, Mr. Rivera sustained the damages alleged herein.

WHEREFORE, Plaintiff Billy Rivera demands judgment against the above-captioned Defendants as follows:

a. For compensatory damages, jointly and severally, in an amount to be determined at trial, but not less than one million dollars;
b. For punitive damages, jointly and severally, in an amount to be determined at trial;
c. For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. § 1988 and other applicable laws;
d. For pre- and post-judgment interest as allowed by law; and
e. For such other relief as this Court deems just and proper.

Dated: New York, New York
September 11, 2023

WERTHEIMER LLC

By: _____
Joel A. Wertheimer
14 Wall Street, Suite 1603
New York, New York 10005
(646) 720-1098
joel@joelwertheimer.com